UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
IN RE BRISTOL-MYERS SQUIBB SECURITIES : Civil Action No. 00-1990 (SRC)
LITIGATION :
: Return Date: June 6, 2005
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS CROSS-MOTION TO STRIKE THE O'HARA AND STULZ DECLARATIONS

LITE DePALMA GREENBERG
 & RIVAS, LLC
Allyn Z. Lite (AL 6774)
Joseph J. DePalma (JD 7697)
Michael E. Patunas (MP 2306)
Two Gateway Center, 12th Floor
Newark, New Jersey  07102-5003
(973) 623-3000

Liaison Counsel for Lead Plaintiff and the Class

GOODKIND LABATON RUDOFF
 & SUCHAROW LLP
Thomas A. Dubbs
James W. Johnson
Nicole M. Zeiss
100 Park Avenue
New York, New York  10017
(212) 907-0700

Lead Counsel for Lead Plaintiff and the Class

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    I.    The Declarations of O'Hara and Stulz Should Be Stricken As Neither Expert Was Designated By Defendants In The Operative Scheduling Order Nor Have Defendants Attempted to Amend Such Order .................................. 2

    II.   Lead Plaintiff Has Not Been Afforded Appropriate Notice As To Defendants' Use Of Additional Experts And Has Not Had An Opportunity To Depose These Witnesses ................................................................... 3

CONCLUSION ..................................................................................................................... 4

## **TABLE OF AUTHORITIES**

### **CASES**

<u>Lithuanian Commerce Corporation v. Sara Lee Hosiery</u>,
  23 F. Supp. 2d 509 (D.N.J. 1998) ........................................................................................2

<u>Magistrini v. One Hour Martinizing Dry Cleaning</u>,
  180 F. Supp. 2d 584 (D.N.J 2002) ................................................................................2, 3, 4

<u>In re Paoli Railroad Yard PCB Litigation</u>,
  35 F.3d 717 (3rd Cir. 1994) ..................................................................................................3

**PRELIMINARY STATEMENT**

Lead Plaintiff, the LongView Collective Investment Fund (hereafter "LongView" or "Lead Plaintiff"), respectfully submits this memorandum of law in support of its cross-motion to strike the Declaration of Maureen O'Hara In Support Of Defendants' Motion To Strike The Expert Testimony of Michael Barclay and Frank Torchio, executed on May 12, 2005 ("O'Hara Declaration") and the Declaration of René M. Stulz In Support Of Defendants' Motion To Strike The Expert Testimony of Michael Barclay and Frank Torchio, executed on May 12, 2005 ("Stulz Declaration").  As more fully set forth below, the Court may not consider these declarations in the context of Defendants' Motion To Strike The Expert Testimony of Plaintiff's Witnesses.

**STATEMENT OF FACTS**

The Honorable John J. Hughes, in a Pretrial And Scheduling Order dated June 10, 2004, as subsequently amended, ordered Lead Plaintiff to serve its expert reports on August 25, 2004 and Defendants to serve their expert reports more than two months later, on or before October 29, 2004.  During that two month period, Defendants had ample time to submit expert reports from O'Hara and Stulz; however, O'Hara and Stulz were not among the 18 experts designated by Defendants.

Judge Hughes also required the parties to submit the proposed Final Pretrial Order by December 13, 2004.  Defendants did not list O'Hara and Stulz as expert witnesses in that submission.

The parties have completed the depositions of all experts designated pursuant to the above Orders.  The deadline for the completion of expert discovery, as set by Judge Hughes, was months ago.

**ARGUMENT**

I.  **The Declarations of O'Hara and Stulz Should Be Stricken As Neither Expert Was Designated By Defendants In The Operative Scheduling Order Nor Have Defendants Attempted to Amend Such Order**

Defendants, in support of their Motion to Strike the Expert Testimony of Michael Barclay and Frank Torchio, have submitted the Declarations of O'Hara and Stulz, effectively violating the scheduling order operative in this action. Pursuant to the scheduling order dated June 10, 2004, as amended, the deadline for designation of Defendant's experts and the service of all related reports was October 29, 2004. Further, the deadline for completion of expert discovery has passed.

In Magistrini v. One Hour Martinizing Dry Cleaning, 180 F. Supp. 2d 584, 590 n. 5 (D.N.J 2002), aff'd, No. 02-2331, 2003 WL 21467223 (3d Cir. June 25, 2003) plaintiff, without amending the operative Final Pretrial Order, submitted the affidavits of two additional expert witnesses for the purpose of bolstering the testimony of the plaintiff's previously established expert witness. In granting defendant's motion to strike the affidavits of plaintiff's untimely expert witnesses, this Court noted that "neither expert was named in conjunction with Judge Chesler's July 31, 2000 Order and the Final Pretrial Order was not otherwise amended to permit their substantive testimony for the purposes of the Daubert hearing or for trial." Id. See also Lithuanian Commerce Corp. v. Sara Lee Hosiery, 23 F. Supp. 2d 509, 513-14 (D.N.J. 1998) (where the testimony of plaintiff's sole damages expert was excluded and plaintiff subsequently failed to "move to amend the Joint Final Pretrial Order to add a new witness," the court prohibited plaintiff from putting forth an additional damages expert).

Significantly, this Court in Magistrini did permit the defendant to add two expert witnesses, notwithstanding the operative scheduling order, where "defendants *moved to amend the final pretrial order*," effectively bringing these late additions to the attention of the court as

well as opposing counsel.  Id. at 589 (emphasis added).  Here, Defendants, approximately six months after the deadline for designation of experts and two months after the deadline for completion of expert discovery, have submitted the above mentioned declarations with complete disregard to the previously established time restrictions.  Similar to the plaintiff in Magistrini, Defendants here had never requested this Court's permission to submit the additional and untimely expert declarations of O'Hara and Stulz.  Finally, unlike the defendant in Magistrini, who sought amendment of the final pretrial order in an attempt to add expert witnesses, here, Defendants have made no attempt to amend the operative scheduling order to permit the inclusion of the O'Hara and Stulz declarations.

**II.     Lead Plaintiff Has Not Been Afforded Appropriate Notice As To Defendants' Use Of Additional Experts And Has Not Had An Opportunity To Depose These Witnesses**

As discussed above neither O'Hara nor Stulz had been named by Defendants in conjunction with the operative scheduling orders, nor had Defendants made any attempt to amend the order.  Thus, Lead Plaintiff was never notified of Defendants' intent to use the additional experts and accordingly have not been provided with an opportunity to depose these witnesses.

In Magistrini, where the affidavits of unnamed expert witnesses were stricken from the record, this Court noted that where "[n]either Landigran nor Robbins was named by Plaintiff in conjunction with the [operative order] and [since] the Final Pretrial Order was not otherwise amended…. Defendants have had no opportunity in this case to depose these two expert witnesses and they were not called upon to give testimony at the Daubert hearing." Magistrini, 180 F. Supp. 2d at 590 n. 5.  See also In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 739 (3d Cir. 1994) (because under Daubert finding of facts must be made "on the reliability of complicated

3

scientific methodologies and this fact-finding can decide the case, it is important that each side have an opportunity to depose the other side's experts in order to develop strong critiques and defenses of their expert's methodologies.")

As this Court had prohibited the submission of unnamed expert affidavits by the plaintiff in <u>Magistrini</u>, Defendants here should not be permitted to rely upon the declarations of either O'Hara or Stulz, as Lead Plaintiff had not been provided with notice of their expert testimony or an opportunity to depose these experts.

If this court determines that the declarations of O'Hara and Stulz have been properly submitted by Defendants, then Lead Plaintiff seeks leave to submit rebuttal reports. Alternatively, if this Court permits Defendants to rely upon the Declarations of O'Hara and Stulz, Lead Plaintiff seeks leave to depose both expert witnesses, as the appropriate occasion to do so has not yet been provided.

## CONCLUSION

For the reasons set forth above, Lead Plaintiff respectfully requests that the Declarations of Maureen O'Hara and Rene M. Stulz In Support Of Defendants' Motion To Strike The Expert Testimony of Michael Barclay and Frank Torchio be stricken from the record and not be considered in connection with Defendants' Motion To Strike The Expert Testimony of Michael Barclay and Frank Torchio.

Dated:  May 23, 2005

                LITE DEPALMA GREENBERG
                  & RIVAS, LLC

            By: /s/ Allyn Z. Lite
                Allyn Z. Lite (AL 6774)
                Joseph J. DePalma (JD 7697)
                Michael E. Patunas (MP 2306)

Two Gateway Center
Newark, New Jersey  07102
(973) 623-3000

Liaison Counsel for Lead Plaintiff and the Class


GOODKIND LABATON RUDOFF
   & SUCHAROW LLP
Thomas A. Dubbs
James W. Johnson
Nicole M. Zeiss
100 Park Avenue
New York, New York  10017
(212) 907-0700

Lead Counsel for Lead Plaintiff and the Class